UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                                                         Chapter 11

    Leon Lowenthal                                             Case no.  19-24115

                      Debtor.
------------------------------------------------------------x

# **PLAN OF REORGANIZATION**

Mark A. Frankel
BACKENROTH FRANKEL & KRINSKY, LLP
800 Third Avenue
New York, New York 10022
Telephone: (212) 593-1100
Facsimile: (212) 644-0544

ATTORNEYS FOR THE DEBTOR

## INTRODUCTION

Leon Lowenthal ("Debtor"), proposes this Plan of Reorganization to its Creditors. UPON CONFIRMATION, THIS PLAN SHALL BE A BINDING OBLIGATION BETWEEN AND AMONG THE DEBTOR AND EACH OF THE DEBTOR'S CREDITORS (AS SUCH TERMS ARE DEFINED BELOW).

## DEFINITIONS

As used in this Plan, the following terms will have the meanings hereinafter set forth:

1. "Administrative Expense" Any cost or expense of administration of the Bankruptcy Case entitled to priority under section 507(a)(1) and allowed under section 503(b) of the Bankruptcy Code.

2. "Administrative Expense Claim" shall mean a Claim for payment of an Administrative Expense.

3. "Allowance Date" shall mean the date which a Disputed Claim becomes an Allowed Claim by Final Order.

4. "Allowed Amount" shall mean the amount of a Claim: (a) to the extent that a Proof of Claim is filed timely or, with leave of the Court late filed as to which (i) no party in interest files an objection or (ii) which is allowed by a Final Order; or (b) which is listed on the Debtor's schedules or any amendments thereto but which is not listed therein as disputed, unliquidated or contingent.

5. "Allowed Claim" shall mean a Claim: (a) to the extent that a Proof of Claim is filed timely or, with leave of the Court late filed as to which (i) no party in interest files an objection or (ii) which is allowed by a Final Order; or (b) which is listed on the Debtor's schedules or any amendments thereto but which is not listed therein as disputed, unliquidated or contingent.

6. "Allowed Secured Claim" shall mean a Secured Claim to the extent it is an Allowed Claim.

7. "Allowed Unsecured Claim" shall mean an Unsecured Claim to the extent it is an Allowed Claim.

8. "Bankruptcy Case" shall mean this Chapter 11 bankruptcy case.

9. "Bankruptcy Code" shall mean Title 11 of the United States Code (11. U.S.C. § 101 et. seq.).

10. "Bankruptcy Court" shall mean the Court as defined below.

11. "Bar Date" shall mean _____.

12. "Cash" shall mean all cash and cash equivalents which evidence immediately available funds in United States dollars.

13. "Claim" shall mean a right to payment as set forth in § 101(5) of the Bankruptcy Code.

14. "Claimant" shall mean the holder of a Claim.

15. "Confirmation Date" shall mean the date of the entry of the Confirmation Order.

16. "Confirmation Hearing" shall mean the hearing pursuant to the Bankruptcy Code Section 1128 before the Bankruptcy Court regarding the proposed confirmation of the Plan.

17. "Confirmation Order" shall mean the order of the Court confirming the Plan.

18. "Court" shall mean the United States Bankruptcy Court for the SOUTHERN District of New York.

19. "Creditor" shall mean any entity that holds a Claim against the Debtor.

20. "Debtor" shall mean Leon Lowenthal.

21. "Disputed Claim" shall mean the whole or any portion of any Claim against the Debtor to which an objection is timely filed as to which a Final Order has not been entered allowing or disallowing such Claim or any portion thereof.  The Mortgagee's Secured Claim and Unsecured Claim shall each be deemed a Disputed Claim pending Final Order deciding the issues raised in the Debtor's appeal of the Mortgagee's judgment of foreclosure and sale.

22. "Disputed Claim Reserve" shall mean Cash to be set aside by the Debtor on the Effective Date in an IOLA account maintained by Debtor's counsel, in an amount equal to the amount that would have been distributed to the holders of Disputed Claims had such Claims

been deemed Allowed Claims on the Effective Date, or in such other amount as may be approved by the Bankruptcy Court.

23. "Effective Date" shall mean the Date upon which the Confirmation Order is a Final Order, or such other date no later than 60 days after the Confirmation Date as may be practicable.

24. "Estate" shall mean the estate of the Debtor created upon the commencement of the Bankruptcy Case pursuant to Section 541 of the Bankruptcy Code.

25. "Executory Contracts" shall mean "executory contracts" and "unexpired leases" as such terms are used within Section 365 of the Bankruptcy Code.

26. "Final Order" shall mean an order of a court that has not been reversed, modified, amended or stayed, and as to which the time to appeal or to seek review or certiorari thereof has expired, and as to which no appeal, review or rehearing is pending.

27. "Impaired" shall mean not Unimpaired.

28. "Interest Holder" shall mean Leon Lowenthal

29. "Legal Rate" shall mean the applicable interest rate as set forth in 28 U.S.C. §1961 as of the Petition Date.

30. "Lien" shall mean a charge against or interest in property to secure payment of a debt or performance of an obligation.

31. "Petition Date" shall mean December 6, 2019.

32. "Plan" shall mean this Plan of Reorganization, and any and all modifications and/or amendments hereto.

33. "Plan Fund" shall mean $600,000 to be used make payments under the Plan, presently held in escrow by the law firm of Baron LLP.

34. "Secured Claim" shall mean a Claim secured by a Lien on property included within the Debtor's Estate.

35. "Secured Creditor" shall mean the owner or holder of a Secured Claim.

36. "Unimpaired" shall mean not impaired under section 1124 of the Bankruptcy Code.

37. "Unsecured Claim" shall mean a Claim for which the Claimant does not hold (a) a valid, perfected and enforceable Lien, or (b) a right to setoff to secure the payment of such Claim.  An Unsecured Claim includes, but is not limited to, a Claim for damages resulting from rejection of any Executory Contract pursuant to Section 365 of the Bankruptcy Code, and does not include Administrative Expense Claims.

38. "Unsecured Creditor" shall mean the owner or holder of an Unsecured Claim.

## CLAIMS CLASSIFICATION, TREATMENT AND VOTING

## CLASS 1

39. Classification – Allowed Priority Claims under Sections 507(a)(2),(3),(4),(5),(6),(7) and (8) of the Bankruptcy Code.

40. Treatment – Payment in full in Cash of Allowed Amount on the Effective Date, plus interest at the applicable statutory rate as it accrues from the Petition Date through the date of payment.

41. Voting -- Unimpaired and deemed to have accepted the Plan.

## CLASS 2

42. Classification -- $4,515,819

43. Treatment -- Creditors may opt in or opt out to distributions from the $600,000 Plan Fund. Creditors who opt in must and agree to bound by global mutual releases in the form annexed to the Plan as Exhibit A resolving all Claims by and against the Debtor. Each Creditor who opts in shall be entitled to their pro-rata share of of available Cash up to Allowed Amount of their Class 2 Claim, after payment of Administrative Claims, Class 1 Claims and Priority Claims. To avoid disputes over usurious interest and avoidance litigation, the Claims of Creditors who opt in will be treated as if they were no interest loans and the Allowed Amounts of such Claims shall be deemed to be no greater than principal only with payments received Pre-petition applied to principal only. Those creditors who opt out will likely receive no distribution from the Plan Fund, but their rights to object to the Debtor's discharge and dischargeability of

their Claims will be fully preserved. If the Debtor is successful in recovering on avoidance actions, all such recovery will be distributed pro-rata to all Class 2 Claimants whether or not they opt in or opt out. Such recovery is speculative at this time.

44. Voting -- Impaired and entitled to vote to accept or reject the Plan.

## CLASS 3

45. Classification -- The Debtor.

46. Treatment – No distribution on account of existing Interests. The Debtor is entitled to retain his pre-petition property under the Plan based on the new value contribution made by his father in law on his behalf.

47. Voting -- Impaired and entitled to vote to accept or reject the Plan.

## ADMINISTRATIVE EXPENSE CLAIMS AND STATUTORY FEES

48. Allowed Administrative Expense Claims, including professional fees, shall be paid in full in Cash on the Effective Date, or the date such Administrative Expense Claim becomes Allowed or as soon as practicable thereafter, except to the extent that the holder of an Allowed Administrative Expense Claim agrees to a different treatment; provided however, that Allowed Administrative Expense Claims representing obligations incurred in the ordinary course of business or assumed by the Debtor shall be paid in full or performed by the Debtor in the ordinary course of business or pursuant to the terms and conditions of the particular transaction.

49. Any outstanding U.S. Trustee fees and any statutory interest thereon shall be paid in full in Cash on the Effective Date. Thereafter, United States Trustee fees and any statutory interest thereon shall be paid until entry of final decree or until Bankruptcy Case is converted or dismissed. The Debtor shall file quarterly post-confirmation operating reports.

## MEANS FOR IMPLEMENTATION

50. **Source of Funds** – Effective Date payments under the Plan will be paid from capital to be contributed by the Debtor's father in law. The Debtor's father in law has deposited $600,000 to in escrow with the law firm of Sheldon Gopstein, ESQ to fund Effective Date payments.

51. **Stamp Tax** -- Under the Plan, pursuant to Bankruptcy Code § 1146(c), (a) the issuance, transfer or exchange of any securities, instruments or documents, (b) the creation of any other Lien, mortgage, deed of trust or other security interest, (c) the making or assignment of any lease or sublease or the making or delivery of any deed or other instrument of transfer under, pursuant to, in furtherance of, or in connection with, the Plan, including, without limitation, any deeds, bills of sale or assignments executed in connection with the purchase of the Property by the Purchaser and any other transaction contemplated under the Plan or the re-vesting, transfer or sale of any real or personal property of the Debtor pursuant to, in implementation of, or as contemplated in the Plan, and (d) the issuance, renewal, modification or securing of indebtedness by such means, and the making, delivery or recording of any deed or other instrument of transfer under, in furtherance of, or in connection with, the Plan, including, without limitation, the

Confirmation Order, shall not be subject any applicable document recording tax, stamp tax, conveyance fee or other similar tax, mortgage tax, real estate transfer tax, or other similar tax or governmental assessment.

52. **Release of Liens** – Except as otherwise provided for in the Plan, (a) each holder of a Secured Claim, shall on the Effective Date (x) turn over and release to the Debtor any and all Collateral that secures or purportedly secures such Claim, as pertains to the Property or such Lien shall automatically, and without further action by the Debtor be deemed released, and (y) execute such documents and instruments as the Debtor requests to evidence such Claim holder's release of such property or Lien.

53. **Execution of Documents** -- The Debtor shall be authorized to execute, in the name of any necessary party, any notice of satisfaction, release or discharge of any Lien, Claim or encumbrance not expressly preserved in the Plan and deliver such notices to any and all federal, state and local governmental agencies or departments for filing and recordation.

54. **Vesting of Assets** -- Except as otherwise provided in the Plan, on the Effective Date all assets and properties of the Estate shall vest in the Debtor free and clear of all Liens, Claims and encumbrances and any and all liens, claims and encumbrances that have not been expressly preserved under the Plan shall be deemed extinguished as of such date.  Except as otherwise provided herein, as of the Effective Date, all property of the Debtor shall be free and clear of all Claims and Interests of Creditors, except for the obligations that are imposed under the Plan or by a Final Order of the Bankruptcy Court.

55. **Recording Documents** -- Each and every federal, state and local governmental agency or department shall be authorized to accept and record any and all documents and instruments necessary, useful or appropriate to effectuate, implement and consummate the transaction contemplated by the Plan, including, but not limited to any and all notices of satisfaction, release or discharge of any Lien, Claim or encumbrance not expressly preserved by the Plan, and the Confirmation Order.

56. **Preservation of Claims** – Except as otherwise provided in the Plan, all rights pursuant to Sections 502, 544, 545 and 546 of the Bankruptcy Code, all preference claims pursuant to Section 547 of the Bankruptcy Code, all fraudulent transfer claims pursuant to Section 548 of the Bankruptcy Code, and all claims relating to post-Petition Date transactions under Section 549 of the Bankruptcy Code shall be preserved for the benefit of the Debtor's estate; provided, however, that the Debtor shall have sole authority for prosecuting any such claims.

## DISTRIBUTIONS TO CREDITORS

57. The Debtor shall be disbursing agent under the Plan without a bond. Except for general unsecured creditors who opt in to the Plan, The Debtor reserves the right to file objections to claims in the event grounds exist to object to particular claims, for a period of 120 days after the Effective Date. On the initial distribution date and on each distribution date as may thereafter be necessary, the Debtor shall maintain an undetermined claims distribution reserve for the holders of undetermined claims as of such date in a sum not less than the amount

required to pay each such undetermined claim if such claim was allowed in full.  To the extent that an undetermined claim becomes an Allowed Claim, the distributions reserved for such Allowed Claim, shall be released from the undetermined claims distribution reserve and paid to the holder of such Allowed Claim.  After all the amounts of all undetermined claims have been fixed, the balance of the undetermined claims distribution reserve shall thereafter be paid in accordance with the Plan.

## EXECUTORY CONTRACTS

58.    All unexpired leases and executory contracts not rejected prior to the Effective Date shall be assumed under the Plan.  In the event of a rejection which results in damages a proof of claim for such damages must be filed by the damaged party with the Court within sixty (60) days after the Effective Date.  All Allowed Claims arising from the rejection of any Executory Contract or unexpired lease shall be treated as Unsecured Claims.  Any Claim arising from the rejection of any Executory Contract or unexpired lease not filed with the Court within the time period provided herein shall be deemed discharged and shall not be entitled to participate in any distribution under the Plan.

## RETENTION OF JURISDICTION

59.    Retention of Jurisdiction.  The Court shall have jurisdiction over all matters arising under, arising in, or relating to the Debtor's Bankruptcy Case including, but not limited to, proceedings:

- To consider any modification of the Plan under Section 1127 of the Bankruptcy Code;

- To hear and determine all Claims, controversies, suits and disputes against the Debtor to the full extent permitted under 28 U.S.C. §§ 1334 and 157;

- To hear, determine and enforce all Claims and causes of action which may exist on behalf of the Debtor or the Debtor's Estate, including, but not limited to, any right of the Debtor or the Debtor's Estate to recover assets pursuant to the provisions of the Bankruptcy Code;

- To hear and determine all requests for compensation and/or reimbursement of expenses which may be made;

- To value assets of the Estate.

- To enforce the Confirmation Order, the final decree, and all injunctions therein;

- To enter an order concluding and terminating the Bankruptcy Case;

- To correct any defect, cure any omission, or reconcile any inconsistency in the Plan, or the Confirmation Order;

- To determine all questions and disputes regarding title to the assets of the Debtor.

- To re-examine Claims which may have been Allowed or disallowed for purposes of voting, and to determine objections which may be filed to any Claims.

## GENERAL PROVISIONS

60. **Headings**. The headings in the Plan are for convenience of reference only and shall not limit or otherwise affect the meaning of the Plan.

61.     **Disputed Claims**.  The Debtor shall hold in escrow the distribution that would be due on account of any Disputed Claim.  No Disputed Claims shall be paid until such Claim becomes an Allowed Claim.

62.     **Calculation of Time Periods**.  Bankruptcy Rule 9006 is incorporated herein for purposes of calculating the dates set forth herein.

63.     **Other Actions**.  Nothing contained herein shall prevent the Debtor, Interest Holders, or Creditors from taking such actions as may be necessary to consummate the Plan, although such actions may not specifically be provided for within the Plan.

64.     **Modification of Plan**.  The Debtor may seek amendments or modifications to the Plan in accordance with Section 1127 of the Bankruptcy Code at any time prior to the Confirmation Date.  After the Confirmation Date, the Debtor may seek to remedy any defect or omission or reconcile any inconsistencies in the Plan or in the Confirmation Order, in such manner as may be necessary to carry out the purposes and intent of the Plan

## INJUNCTION AND DISCHARGE

65.     **Injunction**.  The confirmation of this Plan shall constitute an injunction of the Court against the commencement or continuation of any action, the employment of process, or any act, to collect, recover or offset from the Debtor or its property or properties, any obligation or debt except pursuant to the terms of the Plan.

66.     **Discharge.**  On the Effective Date, except as otherwise expressly provided in this Plan or the Confirmation Order, the Plan shall:  (i) discharge the Debtor and any of its

Assets from all Claims, demands, liabilities and other debts that arose on or before the Effective Date, including, without limitation, all debts of the kind specified in section 502 of the Bankruptcy Code, whether or not (A) a proof of Claim based on such debt is filed or deemed filed pursuant to section 501 of the Bankruptcy Code, (B) a Claim based on such debt is Allowed pursuant to section 502 of the Bankruptcy Code, (C) a Claim based on such debt is or has been disallowed by order of the Bankruptcy Court, or (D) the holder of a Claim based on such debt has accepted this Plan; and (ii) preclude all entities from asserting against the Debtor or any of its Assets any other or further Claims based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date, all pursuant to sections 524 and 1141 of the Bankruptcy Code. The discharge provided in this provision shall void any judgment obtained against the Debtor at any time, to the extent that such judgment relates to a discharged Claim. The Debtor shall be discharged from any Claims and agreements related to debts that arose on or before the Effective Date and such debts, Claims and agreements are deemed restructured and new as set forth in the Plan.

## **CLOSING THE CASE**

67. Upon substantial consummation, the Debtor may move for a final decree to close the Bankruptcy Case and to request such other orders as may be just.

Dated: New York, New York
December 6, 2019

                        Leon Lowenthal

               By:    s/ Leon Lowenthal


                        BACKENROTH FRANKEL & KRINSKY, LLP
                        Attorneys for Debtor


               By:    s/Mark A. Frankel
                        800 Third Avenue
                        New York, New York 10022
                        (212) 593-1100