UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re                                              Chapter 11

    Leon Lowenthal                         Case no.  19-24115

                Debtor.
----------------------------------------------------------x

## MOTION TO CONVERT CHAPTER 11 CASE TO CHAPTER 7 CASE

Leon Lowenthal (the "Debtor"), the debtor and debtor-in-possession, as and for his application for entry of an order substantially in the form annexed hereto converting this Chapter 11 case to Chapter 7 under section 1112(a) of the Code and Bankruptcy Rules 1017(f)(2) and 9013, respectfully represents:

1. On December 6, 2019, the Debtor filed a petition for relief under the protective provisions of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. "101 et seq. (the "Bankruptcy Code").

2. It appears that the Debtor cannot confirm a plan of reorganization. Accordingly, the Debtor seeks to convert his Chapter 11 case to Chapter 7 pursuant to section 1112(a) of the Bankruptcy Code, which provides:

> The debtor may convert a case under this chapter to a cause under chapter 7 of this title unless — (1) the debtor is not a debtor in possession; (2) the case originally was commenced as an involuntary case under this chapter; or (3) the case was converted to a cause under this chapter other than on the debtor's request.

3. The legislative history for section 1112(a) states that this subsection "gives the debtor the absolute right to convert a voluntarily commenced chapter 11 case in which the debtor remains in possession to a liquidation case." *In re Schuler*, 119 B.R. 191, 192 (Bankr. W.D. Mo. 1990) (*quoting* H.R. Rep. No. 595, 95th Cong., 1st Sess. 405 (1977); S. Rep. No. 989,

95th Cong., 2nd Sess. 117 (1978)). Other courts have also suggested that, provided the exceptions set forth in section 1112(a) do not exist, a debtor has an absolute right to convert its case from Chapter 11 to Chapter 7. *See In re Texas Extrusion Corp.*, 884 F.2d 1142, 1161 (5th Cir. 1988); *In re Marrill Alarm Systems, Inc.*, 100 B.R. 606, 607 (Bankr. S.D. Fla. 1989); *In re Dieckhaus Stationers of King of Prussia, Inc.*, 73 B.R. 969, 971 (Bankr. E.D. Pa. 1987) (Section 1112(a) "gives the debtor an absolute right to convert").

4. Here, none of the limitations provided in section 1112(a) on a debtor's right to convert is present because (a) the Debtor is a debtor in possession, (b) the case was commenced by filing a voluntary petition for relief, and (c) there have been no prior conversions.

5. No previous motion for the relief requested has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter the prefixed order granting the relief requested herein, together with such other and further relief as is just and proper.

Dated: New York, New York
       May 18, 2020

BACKENROTH FRANKEL & KRINSKY, LLP
Attorneys for the Debtor
By:    s/Mark Frankel
       800 Third Avenue
       New York, New York 10022
       (212) 593-1100

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                                                    Chapter 11

    Leon Lowenthal                                         Case no.  19-24115

                    Debtor.
-----------------------------------------------------------x

## ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

        Upon the application of the above-captioned Debtor and Debtor in Possession (the "Debtor"), for an order, pursuant to Chapter 11 case to Chapter 7 under section 1112(a) of the Code and Bankruptcy Rules 1017(f)(2) and 9013, and it appearing that adequate notice has been given, and upon the hearing held before this Court on July 8, 2020; and after due deliberation and good and sufficient cause appearing therefor, it is hereby

        ORDERED, that the Debtor's Chapter 11 Case be, and hereby is, converted to a case under Chapter 7 of the Bankruptcy Code

Dated: New York, New York
        July \_\_\_\_, 2020

                                          _____
                                          UNITED STATES BANKRUPTCY JUDGE